# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC BLACK, II,<br>Inmate Booking No. 11144445<br><br>                          Plaintiff,<br><br>vs.<br><br>UNITED STATES MARSHALS;<br>U.S. MARSHAL (Unknown),<br><br>                          Defendants. | Civil No.  11cv2456 WQH (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS AND GARNISHING BALANCE FROM INMATE'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a); and**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff, Cedric Black, currently housed at the George Bailey Detention Facility, has filed a civil rights action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

**I.   MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C.


§ 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A**

    **A.    Standard**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

1 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**A.   Bivens Action**

As an initial matter, the Court notes that while Plaintiff purportedly brings this action under § 1983, the Court will liberally construe his claims to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971) because Plaintiff claims violations of his civil rights by a federal actors. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional

rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).    In his Complaint, Plaintiff seeks to sue the United States Marshal Service which is an agency of the government. (*See* Compl. at 1.)    However, *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly- Murphy*, 837 F.2d at 355. Accordingly, the Court must DISMISS the claims against the United States Marshal Service for failing to state a claim upon which relief may be granted.

The Court does find that Plaintiff has stated a claim against the sole remaining Defendant, "unknown" U.S. Marshal Agent. However, Plaintiff has provided no information by which the Court could direct the U.S. Marshal's Service to effect service of the Complaint. Plaintiff must provide more description of the "unknown" Agent in order that the matter can proceed. Plaintiff will be given leave to file an Amended Complaint to correct this deficiency.

### III.  CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2.    The Watch Commander, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California 92158.

/ / /

1     **IT IS FURTHER ORDERED** that:

2     4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

    5. The Clerk of Court is directed to mail a Court approved form civil rights complaint to Plaintiff.

    **IT IS SO ORDERED.**

DATED: December 14, 2011

                                                    *[signature]*
                                                  **WILLIAM Q. HAYES**
                                                  United States District Judge